# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**PLUMBERS & STEAMFITTERS LOCAL 298
JURISDICTION PENSION PLAN, ET AL.,**
      Plaintiffs,

  v.                                                  Case No. 07-C-399

**TRITON PLUMBING & SEWER CONTRACTORS, INC.,**
      Defendant.

## DECISION AND ORDER

On May 1, 2007, plaintiffs – Plumbers & Steamfitters Local 400, a labor union; various funds that serve as fringe benefits for union members; and Mark Buss, a fiduciary and trustee of one of the funds – filed this action under § 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132, and § 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185. On May 17, 2007, plaintiffs filed a proof of service with the court showing that defendant had been served on May 9, 2007 and that its answer was due on May 29, 2007. To date, defendant has not appeared and answered plaintiffs' complaint. Before me is plaintiffs' application for default judgment.

Upon the clerk's entry of default, "the well-pleaded allegations of a complaint relating to liability are taken as true." <u>Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.</u>, 722 F.2d 1319, 1323 (7th Cir. 1983). The Clerk of the Court has entered default against defendants in accordance with Fed. R. Civ. P. 55(a). Thus, the following relevant allegations relating to liability are taken as true: the seven plaintiff funds in this case – Plumbers & Steamfitters Local 298 Jurisdiction Pension Plan, Plumbers & Steamfitters Local 400 and MCA of North Central Wisconsin Health and Welfare Trust Fund, Mechanical Contractors Association of North Central Wisconsin Industry Fund, Plumbers & Steamfitters Local 400 Organizing Fund, Plumbers & Steamfitters Local 400 and MCA of North Central Wisconsin

Apprentice Fund, Local 400 Plumbing & Pipefitting Educational Program, and Fox River Valley Pipe Trades Education Foundation – are employee benefit plans within the meaning of ERISA, as amended by the Multi-Employer Pension Plan Amendments Act ("MPPAA"). Defendant is a party to a collective bargaining agreement with the plaintiff labor union which provides that defendant will make timely payments to the plaintiff funds for each employee covered by the agreement. Defendant failed to make such payments between April 1, 2003 and April 8, 2004 in the amount of $7,013.73. In February, 2007, Plaintiffs and defendant entered into a settlement agreement setting plaintiffs' $7,013.73 claim for $4,000, with defendant permitted to pay its debt in monthly installments of $200. Defendant paid $200 on February 15, 2007, but did not otherwise abide by the agreement. As such, plaintiffs ask for the $3,800 owed, plus attorneys fees, costs and interest.

These allegations, taken as true, fail to state a claim under ERISA or the LMRA. Rather, they establish that plaintiffs resolved their federal claim against defendant and are merely seeking to enforce their settlement agreement. Issues regarding the formation, construction, and enforcement of settlement agreements are governed by state contract law. Sims-Madison v. Inland Paperboard & Packaging, Inc., 379 F.3d 445, 448 (7th Cir. 2004). This is so even where the substance of the claims settled were matters of federal law. Id. After first examining this case, given that it involves non-diverse parties and an amount in controversy far below the jurisdictional amount, I provisionally determined that I lacked subject matter jurisdiction over the complaint's only viable claim, i.e., the contract claim. However, I directed my law clerk to invite plaintiff to submit supplementary legal or factual information supporting jurisdiction. She did so, and plaintiffs have since filed an affidavit and agreement asserting that defendant consents to my jurisdiction. However, parties "by consent cannot confer on federal courts subject-matter jurisdiction beyond the limitations imposed by Article III, § 2." Commodity

Futures Trading Com. v. Schor, 478 U.S. 833, 851 (1986).  This is so because the limitations of Article III "serve institutional interests that the parties cannot be expected to protect." Id.

As such, I must conclude that I lack subject matter jurisdiction over this matter and I am therefore unable to order that default judgment be awarded in plaintiffs' favor.  I will dismiss the case without prejudice.  Plaintiffs may re-file their contract action in state court if they so desire.

**Therefore,**

**IT IS ORDERED** that plaintiffs' application for entry of judgment pursuant to Fed. R. Civ. Pro. 55(b) is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**.

Dated at Milwaukee, Wisconsin, this 4 day of September, 2007.

/s
LYNN ADELMAN
District Judge